# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MICHAEL JOHN HOFFMAN,**

   Plaintiff,

v.                Case No. 2:16-cv-02904

**CALIBER HOME LOANS, INC. and
BROCK & SCOTT, PLLC,**

   Defendants.

## ORDER GRANTING DEFENDANT BROCK & SCOTT'S MOTION TO DISMISS

Before the Court is Defendant Brock & Scott, PLLC's Motion to Dismiss, which was filed on February 21, 2017. (Docket Entry "D.E." #19). The parties have consented to the jurisdiction of the Magistrate Judge. (D.E. #13). For the reasons set forth herein, Brock & Scott's Motion to Dismiss is hereby GRANTED.

## I. Introduction

Plaintiff initiated this action on September 14, 2016 in the Chancery Court of Shelby County, Tennessee. On November 16, 2016, Defendant Caliber Home Loans, Inc. removed the matter to this Court pursuant to 28 U.S.C §§ 1332, 1441, and 1446. On December 22, 2016, Brock & Scott filed and served upon Plaintiff an Answer and Verified Denial to the allegations in the Complaint. Therein, Brock & Scott averred that it is not a necessary party as it was named as a party solely in the capacity as Substitute Trustee under a Deed of Trust.

Brock & Scott subsequently filed the instant motion, to which Plaintiff failed to reply within twenty-eight days as required by Local Rule 12(b). On March 29, 2017, the Court entered

an Order to Show Cause directing Plaintiff to respond as to why the Court should not consider the Motion on the record before it and enter an Order granting the Motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff did not comply with the Court's Order to Show Cause, and, to date, no response has been filed.

**II. Analysis**

Tennessee Code Annotated § 35-5-116(b) provides that, within thirty days after a trustee files a verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or in fact, that rebut the trustee's verified denial. Tennessee Code Annotated § 35-5-116(c) further provides that, if the parties have no objection or fail to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice. In the instant case, no party to this action filed a verified response to Brock & Scott's verified denial. Accordingly, Brock & Scott's Motion to Dismiss is hereby GRANTED pursuant to Section 35-5-116(c).

Further, Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Plaintiff has failed to file a verified response to the verified denial, failed to respond to Brock & Scott's Motion to Dismiss as required by the Local Rules, and failed to comply with the Court's Order to Show Cause. Plaintiff was warned that such a failure could result in dismissal pursuant to Rule 41(b). Accordingly, the Court concludes that Rule 41(b) provides a second basis for dismissal of Plaintiff's Complaint against Brock & Scott. Because the dismissal is not only pursuant to Section 35-5-116 but also pursuant to Rule 41(b) for failure to prosecute and

failure to comply with the Court's order, Plaintiff's Complaint shall be dismissed against Brock & Scott with prejudice.

### III. Conclusion

For the reasons set forth herein, Defendant Brock & Scott's Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED** this 3rd day of May, 2017.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE